UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

D-3 RAY COX,
D-4 DARRYL DALLAS,
D-5 JERMOND EVANS, and
D-9 LYNN SANFORD,

       Defendants.
_____/

Case no. 12-20372
Hon. John Corbett O'Meara

## ORDER DENYING PRETRIAL MOTIONS

Before the court are several motions filed by Defendants: (1) motion for a bill of particulars; (2) motion for disclosure pursuant to Rules 404(b) and 609; (3) motion for disclosure of impeaching information; (4) motion to compel early pre-trial disclosure of Brady and Jencks material; (5) motion and notice to government agents to retain rough notes; and (6) motion to suppress Title III wiretaps. The court heard oral argument on December 13, 2012. For the reasons stated below, Defendants' motions are denied.

## BACKGROUND FACTS

Defendants are charged in the Fourth Superseding Indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant Deshon Catchings filed the six motions listed above, then pleaded guilty and withdrew the motions. However, several defendants (Ray

Cox, Darryl Dallas, Jermond Evans, and Lynn Sanford) filed joinders in the motions, so the issues remain to be addressed.

### A.     Motion for Bill of Particulars

Defendants seek a bill of particulars with respect to the conspiracy count (Count II). Specifically, Defendants request that the government identify the overt acts and drug quantity. Defendant Ray Cox already filed a motion for a bill of particulars, which was denied in a written opinion by Magistrate Judge Majzoub on September 5, 2012. Accordingly, this court will not revisit the issue.

Moreover, Defendants' request is without merit. The indictment sets forth the elements of the offense; the government is not required to charge or prove overt acts to support a drug conspiracy under 21 U.S.C. § 846. United States v. Shabani, 513 U.S. 10, 15 (1994). Because the indictment here sets forth the elements of the offense charged and sufficiently apprises Defendants of the charges to enable them to prepare for trial, a bill of particulars is not warranted. See United States v. Vassar, 2009 WL 2959290 at *3-4 (6th Cir. 2009) (affirming denial of bill of particulars in drug conspiracy case where defendant requested information on co-conspirators and overt acts).

In addition, the government has provided Defendants with over 2,000 pages of discovery, including wiretap affidavits, transcripts, and DEA reports. "Where the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information is available through some other satisfactory form, such as discovery." United States v. Blanchard, 542 F.3d 1133, 1140-41 (7th Cir.

2008). For all of these reasons, the court will deny the motion for a bill of particulars.

**B.      Discovery Motions**

In four separate motions, Defendants seek the following categories of discovery material: (1) government agents' rough notes; (2) "bad acts" evidence the government intends to offer pursuant to Fed. R. Evid. 404(b) and 609; (3) impeachment evidence; and (4) early pre-trial disclosure of Brady and Jencks material.

With respect to the rough notes, the Sixth Circuit "has held that routine destruction of interview notes after preparation of a full 302 Report did not violate either the Jencks Act, 18 U.S.C. § 3500 (1970), or case law such as Brady v. Maryland." United States v. McCallie, 554 F.2d 770, 773 (6th Cir. 1977). Although some circuits have held otherwise, the controlling law in this circuit does not require the production of agents' rough notes.

As for evidence under Rules 404(b) ("bad acts") and 609 (criminal convictions over ten years old), the government is not aware of any such evidence that it intends to introduce. The government states that if any such evidence comes to light, it will provide reasonable notice to Defendants.

Defendants seek disclosure of Brady, Giglio, and Jencks material sixty days prior to trial. The Sixth Circuit "has held that due process requires only that disclosure of exculpatory material be made in sufficient time to permit the defendant to make effective use of that material at trial. The government will fulfill its constitutional obligation by disclosure at trial unless the defendant can establish that presentation of his defense was so prejudiced that he was prevented from receiving his constitutionally guaranteed fair

trial." United States v. Farley, 2 F.3d 645, 654 (6th Cir. 1993).  With respect to prior statements of government witnesses that are required to be disclosed under the Jencks Act, the statute expressly prohibits production before trial.  See 18 U.S.C. § 3500(a).  See also United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988) (under the statute, "the Government may not be compelled to disclose Jencks Act material before trial").

Defendants have not demonstrated that they will be prejudiced by receiving Brady material at the start of trial.  Accordingly, the court will deny all of the discovery motions.

## C.     Motion to Suppress Wiretaps

Defendants argue that the wiretap affidavits do not meet the "necessity" requirement and that appropriate minimization procedures were not followed.  On November 4, 2010, Judge Borman signed an order authorizing the interceptions of communications over two cell phones used by Deshon Catchings. Thereafter, DEA agents began intercepting communications of Catchings and his co-conspirators.  Catchings and his co-defendants were indicted on June 28, 2012.  Prior to that, in August 2010, DEA intercepted Catchings talking to a different wiretap target – Orlando Gordon.  This information was used to support the application to tap Catching's phones.

Catchings filed the motion to suppress the wiretaps on September 15, 2012, but subsequently pleaded guilty and withdrew the motion. Three co-defendants – Ray Cox, Darryl Dallas, and Lynn Sanford – filed notices joining the motion before it was withdrawn.  Defendants challenge the wiretaps on several grounds.  First, they argue that the wiretaps of Orlando Gordon's phone (which Catchings was intercepted on) should be

suppressed. Second, they claim the affidavit does not meet Title III's necessity requirement. Third, they contend the agents did not appropriately minimize communications.

The government responds that neither Cox, Dallas, nor Sanford were intercepted on Orlando Gordon's phone, and therefore, none of these Defendants have standing to challenge the Gordon wiretap. See 18 U.S.C. § 2518(11) ("aggrieved person" is "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed.").

With respect to the supporting affidavit for the Catchings wiretap, the court finds that it meets the necessity requirement. This court reviews Judge Borman's wiretap order deferentially. The authorizing judge "is in the best position to determine all of the circumstances in the light in which they may appear at the time." United States v. Alfano, 838 F.2d 158, 162 (6th Cir. 1988). Therefore, a reviewing court must afford "great deference to the determinations of the issuing judge." United States v. Corrado, 227 F.3d 528, 539 (6th Cir. 2000) (citation omitted).

Under Title III, a wiretap request must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). The government's burden in satisfying this requirement "is not great"; rather, the statute only requires that the government "give serious consideration to the non-wiretap techniques prior to applying for wiretap authority," and to inform the authorizing

judge "of the reasons for investigators' belief that such non-wiretap techniques have been or will likely be inadequate." United States v. Landmesser, 552 F.2d 17, 20 (6th Cir. 1977); Alfano, 838 F.2d at 163-64.

Here, the affidavit set forth the other investigative techniques that were used or considered, and explained how these techniques were insufficient in this case. For example, confidential informants were no longer working with law enforcement or no longer in contact with Catchings; no one was in the position to make a controlled purchase; and a controlled purchase would not accomplish the goals of the investigation (to identify drug suppliers). Physical surveillance resulted in limited information and was difficult because of counter-surveillance conducted by Catchings. Agents also did not have a person who could introduce an undercover agent to the organization. Other techniques, such as trash searches, electronic surveillance, mail monitoring, and financial investigations were also considered but determined to be of little assistance in this particular investigation.

The affidavit sufficiently demonstrated necessity here. See United States v. Giacalone, 853 F.2d 470, 480 (6th Cir. 1988)(finding necessity requirement met where "(1) the informants refused to testify because of fear of reprisal; (2) attempts to infiltrate defendants' organization had been unsuccessful in the past and were thus unlikely to succeed in the future; and (3) undercover investigations would be extremely dangerous"). See also Alfano, 838 F.2d at 163 (wiretaps should not be routinely used as the first step in an investigation, but "the government is not required to prove that every other

conceivable method has been tried and failed or that all avenues of investigation have been exhausted").

Defendants also contend that agents did not minimize the interception of non-relevant phone call while conducting the wiretap. Under Title III, a wiretap must be executed "in such a way as to minimize the interception of communications not otherwise subject to interception." 18 U.S.C. § 2518(5). Defendants have not presented examples of conversations that were intercepted that should not have been. Defendants have the burden of demonstrating that evidence should be suppressed and they have not met that burden here. See Giacalone, 853 F.2d at 482-83. Accordingly, the court will deny the motion to suppress the wiretaps.

## ORDER

IT IS HEREBY ORDERED that Defendants' motions (Docket Nos. 80, 81, 82, 83, 84 and 89) are DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date: December 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 16, 2012, using the ECF system.

s/William Barkholz<br>Case Manager